UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OMAYRA PEREZ ERAZO,

     Plaintiff,

v.                                                                              Case No: 6:16-cv-2163-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits and Supplemental Security Income under the Act. Upon a review of the record, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

### Background[1]

Plaintiff filed for benefits on June 29, 2011, alleging disability due to deep vein thrombosis, diabetes, high blood pressure, ovarian cysts and fibroids, a recurring urinary tract infection, kidney stones, and infection (Tr. 334-342, 365). On her alleged onset date of disability, May 15, 2011, Plaintiff was forty-one years old, with a high school education, and past relevant experience as a daycare worker (Tr. 159, 167, 116).

---

[1] The information in this section comes from the parties' joint memorandum (Doc. 23).

Both of Plaintiff's applications were denied initially and on reconsideration, and she requested and received a hearing before an administrative law judge ("ALJ") (Tr. 201-213, 217-230, 35-84). On April 10, 2013, the ALJ found Plaintiff not disabled (Tr. 21-37). A Request for Review of a Hearing Decision was filed with the Appeals Council, which remanded the case for further review (Tr. 175-179).

A second hearing was held (Tr. 85-123), and, on July 30, 2015, the ALJ issued another unfavorable decision (Tr. 180-200). On October 26, 2016, the Appeals Council denied Plaintiff's request for review of that decision (Tr. 1-7). Consequently, the ALJ's July 2015 decision is the Commissioner's final decision.

Plaintiff brings this action after exhausting her available administrative remedies. This dispute has been fully briefed, and was referred to me for a report and recommendation.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process which appears at 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

In this case the ALJ performed the required sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 185). At step two, the ALJ determined that Plaintiff suffered from the severe impairment of degenerative disc disease of the lumbar spine with confirmed herniation at L4-5 (20 CFR 404.1520(c) and 416.920(c)) (Tr. 186). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 186). Next, the ALJ decided that Plaintiff had the residual functional capacity to perform

> **less than the full range of light work** as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can occasionally climb ramps and stairs but should never climb ladders, ropes or scaffolds. She could occasionally balance. She could frequently stoop, and crouch but never crawl or kneel. She could perform frequent handling and fingering. She could perform occasional pushing and pulling with her legs. She should avoid driving as part of actual work.

(Tr. 187- emphasis added).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work (Tr. 192). Based on the testimony of a vocational expert, the ALJ concluded at step five that, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform (Tr. 192-193). As a result, the ALJ found that Plaintiff was not under a disability from May 15, 2011, through the date of the Commissioner's decision (Tr. 193).

### Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied

the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

Discussion

Plaintiff alleges four reasons why she does not believe the Commissioner's administrative decision complies with proper legal standards.

The formulation of Plaintiff's Residual Functional Capacity ("RFC")

Plaintiff contends that the ALJ erred in failing to provide a function-by-function assessment of her ability to do work-related physical activities. The ALJ found that Plaintiff had the RFC "to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)," but offers no further explanation regarding the range

of light work Plaintiff is capable of performing. Plaintiff claims this omission is contrary to Social Security Ruling ("SSR") 96-8p, making it "impossible to ascertain whether the RFC determination is supported by substantial evidence." The Commissioner counters that to the extent the ALJ may not have specifically listed Plaintiff's exertional limitations aside from citation to the regulatory definition, the ALJ's error is harmless in that Plaintiff has failed to show that she was prejudiced by any alleged noncompliance.

"The residual functional capacity is an assessment, based upon all the relevant evidence, of a claimant's ability to do work despite his impairments." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997), citing 20 C.F.R. § 404.1545(a). Under SSR 96-8p, the RFC assessment "must address both the remaining exertional and nonexertional capacities of the individual," noting that "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related activities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945."[2] The ALJ found that Plaintiff had the RFC to

---

[2] 20 CFR § 404.1545 provides: Your residual functional capacity.

(a) General–(1) Residual functional capacity assessment. Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite your limitations. We will assess your residual functional capacity based on all the relevant evidence in your case record. (See §§ 404.1512(d) through (e).)

(2) If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe," as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity. (See paragraph (e) of this section.)

(3) Evidence we use to assess your residual functional capacity. We will assess your residual functional capacity based on all of the relevant medical and other evidence. In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity. (See § 404.1512(c).) However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources. (See §§ 404.1512(d) through (f).) We will consider any statements about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations. (See § 404.1513.) We will also consider descriptions and observations of your limitations from your

_____

impairment(s), including limitations that result from your symptoms, such as pain, provided by you, your family, neighbors, friends, or other persons. (See paragraph (e) of this section and § 404.1529.)

**(4) What we will consider in assessing residual functional capacity. When we assess your residual functional capacity, we will consider your ability to meet the physical, mental, sensory, and other requirements of work, as described in paragraphs (b), (c), and (d) of this section**.

(5) How we will use our residual functional capacity assessment. (i) We will first use our residual functional capacity assessment at step four of the sequential evaluation process to decide if you can do your past relevant work. (See §§ 404.1520(f) and 404.1560(b).)

(ii) If we find that you cannot do your past relevant work, you do not have any past relevant work, or if we use the procedures in § 404.1520(h) and § 404.1562 does not apply, we will use the same assessment of your residual functional capacity at step five of the sequential evaluation process to decide if you can adjust to any other work that exists in the national economy. (See §§ 404.1520(g) and 404.1566.) At this step, we will not use our assessment of your residual functional capacity alone to decide if you are disabled. We will use the guidelines in §§ 404.1560 through 404.1569a, and consider our residual functional capacity assessment together with the information about your vocational background to make our disability determination or decision. For our rules on residual functional capacity assessment in deciding whether your disability continues or ends, see § 404.1594.

**(b) Physical abilities. When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work.**

**(c) Mental abilities. When we assess your mental abilities, we first assess the nature and extent of your mental limitations and restrictions and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting, may reduce your ability to do past work and other work.**

**(d) Other abilities affected by impairment(s). Some medically determinable impairment(s), such as skin impairment(s), epilepsy, impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions, may cause limitations and restrictions which affect other work-related abilities. If you have this type of impairment(s), we consider any resulting limitations and restrictions which may reduce your ability to do past work and other work in deciding your residual functional capacity.**

(e) Total limiting effects. When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment in appendix 1 of this subpart, we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity. Pain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone; e.g., someone with a low back disorder may be fully capable of the physical demands consistent with those of sustained medium work activity, but another person with the same disorder, because of pain, may not be capable of more than the physical demands consistent with those of light work activity on a sustained basis. In assessing the total limiting effects of your impairment(s) and any related symptoms, we will consider all of the medical and nonmedical evidence, including the information described in § 404.1529(c). (emphasis added)

perform "less than the full range of light work as defined in defined in 20 CFR 404.1567(b) and 416.967(b)." Those regulations define light work as:

> Lifting and carrying no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b). While the ALJ included additional limitations in Plaintiff's RFC, he did not specifically identify the range of light work Plaintiff was capable of, other than that it was "less than" the full range set forth in the regulations. This was error. Nonetheless, I agree with the Commissioner that the error was harmless.

The ALJ's statements at the administrative hearing make clear that the ALJ felt Plaintiff could perform the exertional requirements of light work, limited by these additional limitations listed in the RFC: "The claimant can occasionally climb ramps and stairs but should never climb ladders, ropes or scaffolds. She could occasionally balance. She could frequently stoop, and crouch but never crawl or kneel. She could perform frequent handling and fingering. She could perform occasional pushing and pulling with her legs. She should avoid driving as part of actual work." (Tr. 187).[3] While the ALJ

---

[3] The ALJ presented the following to the Vocational Expert at hearing:
"Q Okay. So let's consider a hypothetical worker, Ms. Tweedy, of Claimant's age, education, background, and work experience, who was working *at the light exertional level*, who could only occasionally climb ramps and stairs, could not climb any ladders, ropes, or scaffolds, could occasionally balance, could frequently stoop or crouch, could not crawl or kneel, could frequently handle and finger with -- that's gross and fine manipulation with both hands -- could occasionally push or pull with the legs, and could not do any driving as part of the actual work." (Tr. 117 - emphasis added).

should have made this more clear in the administrative decision, I agree with the Commissioner that the ALJ did not find Plaintiff was limited to less than the full range of light work based on some unlisted exertional limitation, but based upon these additional limitations on tasks that might be required in light work. See Tr. 117. Remand is only required if Plaintiff can show that the failure to explicitly clarify this caused prejudice. See Carroll v. Soc. Sec. Admin., Comm'r, 453 F. App'x 889, 892 (11th Cir. 2011) ("we have held that an agency's violation of its own governing rules must result in prejudice before we will remand to the agency for compliance," citing Hall v. Schweiker, 660 F.2d 116, 119 (5th Cir. 1981)). On review, I see no prejudice here.

The ALJ found Plaintiff could perform "a limited level of light work" (Tr. 191) and the regulations provide that if someone can do light work, "we determine that he or she can also do sedentary work." See 20 CFR §404.1567(b). At hearing, the VE testified that if a hypothetical worker with Plaintiff's background and RFC could not perform work at the light level but was limited to sedentary work, there would still be several jobs at the sedentary level he or she could perform (Tr. 118-119). Therefore, remand would serve no purpose here. See Denomme v. Comm'r, Soc. Sec. Admin., 518 F. App'x 875, 877 (11th Cir. 2013) ("[w]hen… an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand").

Development of the Record

Plaintiff contends that the ALJ failed to obtain all of the pertinent evidence. She testified at the second administrative hearing that she had been treated by Family Orlando Physicians from 2011 to the present (Tr. 99), and now asserts that "a significant amount of evidence" from the treating facility is missing. Plaintiff also claims hospital

records are incomplete (Doc. 23 at 11). Because all potentially pertinent evidence was not reviewed by the ALJ, Plaintiff claims her RFC assessment is not supported.

The ALJ must consider all evidence presented. Plaintiff is mistaken, however, in concluding that it is the ALJ's duty to present it. The ALJ has the basic obligation to develop a full and fair record, even when, as here, a claimant is represented by counsel. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). This includes the responsibility to develop a claimant's medical history for the 12 months preceding the month in which the application was filed. See 20 C.F.R. §404.1512(d).[4]  That said, the ALJ is not required to act as counsel to develop a claimant's case. Foreman v. Astrue, No. 8:09cv932-T-24AEP; 2010 WL 3292810, at *5 (M.D. Fla. Aug. 3, 2010) (citing Smith v. Schweiker, 677 F.2d 826, 829 (11th Cir. 1982). It is Plaintiff's burden to prove that she is disabled, and consequently, she is responsible for producing evidence in support of her claim. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003); see also 20 C.F.R. §404.1512(a).[5]

At Plaintiff's hearing on April 23, 2015, the ALJ inquired as to whether counsel had "anything additional, in the way of medical evidence, that bears on your client's disability that you need to either file today, or disclose to me" and counsel replied that the "only thing we have at this point" is "recent" and "updated" records from Orlando Family Physicians (Tr. 88-89). Counsel reported that he had ordered the records but hadn't

---

[4]  I refer to the text of the regulation as it existed during the pertinent time period.

[5]  The text of this regulation effective April 20, 2015 to March 26, 2017 reads:

(a) General. In general, you have to prove to us that you are blind or disabled. You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled. This duty is ongoing and requires you to disclose any additional related evidence about which you become aware. This duty applies at each level of the administrative review process, including the Appeals Council level if the evidence relates to the period on or before the date of the administrative law judge hearing decision. We will consider only impairment(s) you say you have or about which we receive evidence.

20 C.F.R. §§ 404.1512(a), 416.912(a).

received them yet and asked that the ALJ hold the record open for 15 days in order for him to obtain and submit them (Id.). Post-hearing, counsel submitted records from this provider (Tr. 622-626) and the ALJ considered them (Tr. 191). Thus, I find the record was as complete as counsel chose to make it. See 20 C.F.R. § 404.1512(a).

At hearing, Plaintiff's counsel did not identify any missing records from Florida Hospital and stated that he had "no objections" to the exhibits (Doc. 87). Among the exhibits is the December 5, 2011 Florida Hospital record Plaintiff now claims is incomplete (Exhibit 8F). As for other Florida Hospital records, in Plaintiff's disability report of July 2011, she reported visits to Florida Hospital in March 2011 (Tr. 369). When Plaintiff was asked in her subsequent disability report of November 2011, whether, since she last completed a disability report, she had seen any doctors or hospitals for the illnesses, injuries, or conditions that limit her ability to work, she did not report any visits to Florida Hospital (Tr. 391). To the extent there are other records Plaintiff failed to identify, she has failed to explain why the ALJ should have, or could have, obtained medical records when he had no reason to believe that additional medical records even existed. No error for failing to develop the record is shown.

VE Testimony

Plaintiff contends that the ALJ improperly relied on the testimony of the Vocational Expert after posing a hypothetical that did not accurately reflect her limitations. In this circuit, when "the ALJ elects to use a vocational testimony to introduce independent evidence of the existence of work that a claimant could perform, the ALJ must pose a hypothetical question that encompasses all of the claimant's severe impairments in order for the VE's testimony to constitute substantial evidence." Chavanu v. Astrue, No. 3:11-cv-388-J-TEM, 2012 WL 4336205, at *9 (M.D. Fla. Sept. 21, 2012) (citing Pendley v.

Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985). Plaintiff argues that the ALJ could not rely on the VE's testimony because the ALJ did not pose a hypothetical question which included her RFC limitation of "less than the full range of light work," but asked the VE to assume the hypothetical person was working "at the light exertional level" with the other same non-exertional limitations (Tr. 117-118). So, Plaintiff contends, the VE testimony must be rejected as it did not fully and accurately reflect her conditions.

Although Plaintiff appears to challenge the ALJ's RFC finding, she does not identify what specific limitations were not adequately reflected and I find none. As explained above, the ALJ determined Plaintiff could perform light work limited by the listed nonexertional limitations. The hypothetical presented is consistent with this. Moreover, the VE testified that there are numerous jobs that exist for a claimant with the same background and limitations at the sedentary level. Consequently, any error in stating the exact parameters of the reduced range of light work Plaintiff was capable of is harmless. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless error analysis in Social Security context); Pennington v. Comm'r of Soc. Sec., 652 F. App'x 862, 874 (11th Cir. 2016) ("Even if the ALJ had erred in failing to include a fine-manipulation limitation in her hypothetical, the error would have been harmless. In response to questioning by Pennington's counsel, the VE testified Pennington would still be able to perform the ticket-taker job even with a fine-manipulation limitation.").

Credibility

Plaintiff's final contention is that the ALJ erred in failing to adequately weigh her credibility as the ALJ's decision contained "nothing more than boiler plate type language, and does not offer enough reasoning to support the ALJ's determination that the claimant is not credible."

A claimant may seek to establish that she has a disability through her own testimony regarding pain or other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." Id. When an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Foote, 67 F.3d at 1562.

Here, the ALJ applied the pain standard and determined "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible for the reasons explained in this decision." (Tr. 189). In support of this general statement, the ALJ made numerous specific findings deemed to be inconsistent with disabling limitations. Among other things, the ALJ noted:

> The medical evidence does not establish any medication that would result in debilitating limitations and does not support the severity of allegations preventing the claimant from doing anything.
>
> The claimant has not provided convincing details regarding factors which precipitate the allegedly disabling symptoms,

claiming that the symptoms are present 'constantly' or all of the time. The claimant's activities of daily living are self-restricted, as no treating source has advised the claimant to stay home all day, lie down during the day, or to restrict activities of daily living in any manner.

The record reveals that the claimant did not require repeated hospitalizations, her treatment was largely non-aggressive and conservative and office visits were routine and infrequent, suggesting no significantly limiting symptoms.

Although the claimant does have certain impediments, the limitations alleged are more restrictive than hose supported by the objective medical evidence. This, in consideration of the entire record, the undersigned finds that the limitations incorporated into the residual functional capacity are consistent with the objective medical evidence presented.

(Tr. 191). All of these findings are supported by substantial evidence identified by the ALJ. Consequently, Plaintiff's contentions that the ALJ failed to articulate a basis for the credibility finding and that the finding is unsupported are without merit.

## Recommendation

As the Commissioner's administrative decision comports with proper legal standards and is supported by substantial evidence, I respectfully recommend that:

1. The Commissioner's final decision in this case be **AFFIRMED**.

2. The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 27, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record