UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OMAYRA PEREZ ERAZO,

    Plaintiff,

v.                                     Case No. 6:16-cv-2163-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This cause is before the Court on the following matters: (1) U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 24); and (2) Plaintiff's Response to Report and Recommendation (Doc. 25).

### BACKGROUND

In accordance with 42 U.S.C. §§ 405(g), Omayra Perez Erazo ("**Erazo**") timely initiated this action against the Commissioner of Social Security ("**Commissioner**") seeking judicial review of a final unfavorable determination ("**Decision**") on her claim for payment of Social Security Disability and Supplemental Security Income benefits ("**Claim**"). (Doc. 1, ¶ 1; *see* Doc. 17-3, pp. 58–78 (providing copy of Decision); *see also* Doc. 17-2, pp. 2–5 (rejecting appeal); Doc. 17-5, pp. 5–11 (documenting initial claim).) Alleging that the Decision "is not supported by substantial evidence and applies an erroneous standard of law," Erazo requests that the Court set the Decision aside. (*See* Doc. 1, ¶ 8.) Seeking affirmance of the Decision, the Commissioner filed an Answer and

-1-

the transcript of the administrative proceedings. (Docs. 15, 17.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 6.01(c)(21), the matter was referred to U.S. Magistrate Judge Thomas B. Smith ("**Judge Smith**"), who entered a Scheduling Order (Doc. 18). *See* Fed. R. Civ. P. 72(b)(1); *see also* 28 U.S.C. § 636(b)(4). The parties then filed a Joint Memorandum (Doc. 23), and Judge Smith issued a "Report and Recommendation" ("**Report**"), which recommends that the Court affirm the Decision pursuant to sentence four of § 405(g). (*See* Doc. 24.) Erazo then filed a "**Response**," which the Court construes as timely objections to the Report under Federal Rule of Civil Procedure 72(b)(2) and Local Rule 6.02(a). (*See* Doc. 25.) The Commissioner did not respond to Erazo's objections, and the deadline to do so has passed. *See* Local Rule 6.02(a) (requiring that any written response to objections be filed within fourteen days).

## STANDARD OF REVIEW

"Within 14 days after being served" with a Report and Recommendation, an objecting party may file "specific written objections" to the "proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). Upon de novo review of the portions of the Report and Recommendation to which timely and proper objection is made, the "district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1); *see also Olsen v. Astrue*, 858 F. Supp. 2d 1306, 1309 (M.D. Fla. 2012).

## ANALYSIS

The Social Security regulations require that the Commissioner: (1) develop the claimant's medical history for the 12 months preceding the month of application (20 C.F.R. § 404.1512(b)(1)(ii)); (2) "review all of the evidence relevant" to a disability claim (*id*. § 404.953(a)); and (3) issue "a written decision that gives the findings of fact and the reasons for the decision" (*id*. § 404.1520b).[1] In reviewing the Commissioner's written decision, courts are required to determine whether it is "supported by substantial evidence and based on proper legal standards." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). Such review "is demarcated by a deferential reconsideration of the findings of fact and an exacting examination of the conclusions of law." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

In the Response, Erazo objects only to Judge Smith's rejection of her argument that the Decision is flawed because the ALJ failed to obtain all of her medical records. (*See* Doc. 25, pp. 3–4.) Judge Smith fully addressed this argument in the Report and his analysis finds proper support in the record evidence. (*See* Doc. 24, pp. 8–10; *see also* Doc. 17-2, pp. 88–90, 122–23; Doc. 17-7, pp. 78–81; Docs. 17-8, 17-9, 17-10.) Further, after an independent de novo review of the record in this matter, the Court agrees entirely with the findings of fact and conclusions of law in Judge Smith's Report. Thus, the Court

---

[1] S*ee Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000) (noting that Social Security proceedings follow an "investigatory model, where it is the duty of the [Administrative Law Judge ("**ALJ**")] to investigate the facts"); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (rejecting argument that the ALJ had not fulfilled its obligation to "develop the record fully and fairly").

finds that the Erazo's objection is due to be overruled and the Report is due to be accepted and adopted.

## Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Omayra Perez Erazo's Response to Report and Recommendation (Doc. 25) is **OVERRULED**.

2. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 24) is **ADOPTED, CONFIRMED, and made part of this Order**.

3. The final decision of the Commissioner of Social Security is **AFFIRMED**.

4. The Clerk is **DIRECTED** to enter Judgment in favor of the Defendant Commissioner of Social Security and against Plaintiff Omayra Perez Erazo.

5. The Clerk is further **DIRECTED TO CLOSE** this case.

**DONE AND ORDERED** in Orlando, Florida, this 8th day of February, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record